[No. 20308.   Department One.   July 7, 1927.]

R. O. SMALL, *Respondent*, v. J. ELLIS SLATER *et al.*,
*Appellants.*

[1] WAREHOUSEMEN (8)—EVIDENCE—BURDEN OF PROOF—SUFFICIENCY.
    Upon an issue as to a warehouseman's receipt of apples for
    storage, his warehouse receipts make out a *prima facie* case,
    casting the burden of proof upon him, which is not sustained
    where the oral proof is directly conflicting.

[2] SAME   (8)—EVIDENCE—SUFFICIENCY—DAMAGES.   A   recovery
    against a warehouseman for the conversion of apples stored
    with him is too large, where no deduction was made for ad-
    mitted duplicate receipts, or for apples of lower grade of less
    value than those allowed and paid for.

Appeal from a judgment of the superior court for
Chelan county, Parr, J., entered December 1, 1925,
upon findings in favor of the plaintiff, in an action for
conversion.   Reversed and remanded for further
evidence.

*Fred M. Crollard,* for appellants.

FULLERTON, J.—The respondent, Small, during the
year 1924, operated an apple orchard, located near En-
tiat, in this state.   He contracted to sell his apples
through the Gellatly Fruit Company, a concern doing
business at Wenatchee.   It is gathered from the record
that, as a part of his contract, he was required to as-
sort the apples and put them into standard boxes ac-
cording to their sizes and grades.   The appellant
Slater conducted a warehouse at Entiat, and the re-
spondent contracted with him to make the shipments.

The respondent, after picking the apples, hauled
them to a packing house, where they were assorted,
graded, and packed into boxes, and from thence were
hauled by truck to the appellants' warehouse.   As
each truck load reached the warehouse, a receipt was

¹Reported in 257 Pac. 625.

issued to the respondent for the number of boxes of apples contained in the load and delivered to the driver of the truck; the receipts usually stating on their face the number of boxes of each variety and grade received.

The appellant purported to ship all of the apples received from the respondent to the order of the Wenatchee house, but the number of boxes shipped was less by some six hundred and fifty than the number called for in the receipts issued, and the respondent seeks in this action to recover for the number of boxes for which the appellant did not so account. The respondent alleged in his complaint that the apples unaccounted for were of the extra fancy grade and were of the market value of $2.50 per box. His complaint was in form an action of conversion. The answer was, in substance, a general denial. The proofs, however, showed that the actual controversy was over certain receipts, four in number, which the appellant contended were duplicates of others issued. With these deducted, there was an accounting for all of the apples received.

The appellant conducted a general business of receiving, storing, and shipping apples, and had a large number of customers in addition to the respondent. For apples received from his general customers, he used a form of receipt on which could be indicated the variety of the apples received, their different grades, and the sizes of the apples of each grade, and for all apples received from growers, other than the respondent, this form of receipt was used. The Gellatly Fruit Company, however, desired the apples of the respondent to be receipted for on their own form, and for that purpose sent to the appellant a block of blank receipts. These differed somewhat from the appellant's receipts; the principal difference being that they did not

permit of as many grades as could be indicated on the appellant's receipts, the grades being limited to Extra Fancy, Fancy, and C Grade. The evidence on the part of the appellant tended to show that his warehousemen would, by mistake or some other cause, issue receipts for the respondent's apples on his general form, and that, when this was discovered, another receipt for the same apples would be issued on the form required by the Gellatly Fruit Company without taking up the original receipts, and that it was due to this fact that a shortage appeared, when in fact there was no actual shortage. The evidence on the part of the respondent tended to show that there were no duplicates, save in one or two instances where extra receipts were given for a grade of apples not complying with the requirements of the Gellatly Fruit Company. The trial court, on a trial without the intervention of a jury, determined the issue in favor of the respondent, allowing a recovery for all of the apples shown on the receipts; those asserted to be duplicates as well as those admittedly genuine.

[1] On the general question, that is to say, on the question whether the receipts not admitted to be duplicated were in fact duplicated, we are inclined to the view of the trial court. The receipts are, of course, outstanding, and they furnish *prima facie* evidence that the number of boxes called for by them was actually delivered. Nor do we find that the extrinsic evidence bears more heavily in favor of one party than it does the other. The oral evidence of the parties is in direct conflict, and the attempt at checking from independent sources throws no certain light on the controversy. The burden of proof was on the appellant, and we agree with the trial court in its holding that he failed to sustain the burden.

[2] The respondent made no appearance in this

court, and we have not had the benefit of argument upon the question, but we are constrained to conclude that the recovery allowed by the court is too large. We can find nothing in the record which indicates that the trial court allowed a deduction for the apples shown on the receipts which the respondent admitted to be duplicated. The number of such boxes we are unable to gather from the record. The court found, also, that all of the apples unaccounted for were of the extra fancy grade, and allowed a recovery for the value of apples of that grade, whereas the receipts show on their face that a number of the boxes was of a lower grade than extra fancy, and we have discovered nothing in the evidence that indicates that they were erroneous in this respect. The respondent must, therefore, accept the receipts at their face value.

For the reason that the evidence does not show the value of apples of a grade lower than extra fancy, and the further reason that it does not show with certainty the number of boxes for which duplicate receipts were issued, we cannot direct the proper judgment to be entered, but must remand the cause for a further hearing. Our order will be, therefore, that the judgment entered in the trial court be reversed, and the cause remanded with instructions to reopen the cause and give the parties an opportunity to offer evidence on the matters indicated. If such evidence is offered, the court will determine the cause as the right appears. If they fail to do so, the court will enter a judgment in favor of the respondent for the boxes shown on the disputed receipts issued to the Gellatly Fruit Company to be of extra fancy grade, and allow nothing for the remainder.

Reversed and remanded.

MACKINTOSH, C. J., FRENCH, MAIN, and MITCHELL, JJ., concur.